# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1010V
UNPUBLISHED

|  |  |
|---|---|
| BANGALORE MUNIRAJU, | Chief Special Master Corcoran |
| Petitioner, | Filed: August 28, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Joint Stipulation on Damages; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Influneza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| Respondent. | |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On July 13, 2018, Bangalore Muniraju filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome (GBS) as a result of his September 27, 2017 influenza ("flu") and Tetanus Diphtheria acellular Pertussis ("Tdap") vaccinations. Petition at 1; Stipulation, filed at August 26, 2020, ¶¶ 1, 2, 4. Petitioner further alleges that the vaccinations were administered within the United States, that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. Stipulation at ¶¶ 3-5; *see* Petition at ¶¶2, 17. "Respondent denies that the Tdap or flu vaccines caused petitioner to suffer from a Table injury of GBS, Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), or any other injury or his current condition." Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on August 26, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

    a. **A lump sum of $888,373.24, which amount represents compensation for first year life care expenses ($11,345.16), lost earnings ($725,760.08), pain and suffering ($150,000.00) and past unreimbursable expenses ($1,268.00) in the form of a check payable to Petitioner; and**

    b. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                              **s/Brian H. Corcoran**
                              Brian H. Corcoran
                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| BANGALORE MUNIRAJU, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | No. 18-1010V |
| SECRETARY OF HEALTH | ) | Chief Special Master Corcoran |
| AND HUMAN SERVICES, | ) | ECF |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Bangalore Muniraju, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of influenza ("flu") and tetanus, diphtheria, acellular pertussis ("Tdap") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received Tetanus-diphtheria-acellular pertussis ("Tdap") and flu vaccinations on September 27, 2017.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that he suffered from a Table injury of Guillain-Barré syndrome ("GBS") as a result of receiving the flu vaccination, and that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Tdap or flu vaccines caused petitioner to suffer from a Table injury of GBS, Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

      a. A lump sum of $888,373.24, which amount represents compensation for first year life care expenses ($11,345.16), lost earnings ($725,760.08), pain and suffering ($150,000.00) and past unreimbursable expenses ($1,268.00) in the form of a check payable to petitioner; and

      b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

      b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

      c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-,

AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Bangalore Muniraju, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following life care items available under 42 U.S.C. §300aa-15(a).

a. For future unreimbursable Neurologist Mileage, Podiatry Mileage, Physical Therapy Evaluation Mileage, Occupational Therapy Evaluation Mileage, Physical Therapy Mileage, Occupational Therapy Mileage, and Gym Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $452.24 to be paid up to the anniversary of the date of judgment in year 2023. Thereafter, beginning on the anniversary of the date of judgment in year 2023, an annual amount of $416.54 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,530.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Personal Emergency Response System, Exercise and Stretching Equipment, and Gym Membership expenses, beginning on the first anniversary of the date of judgment, an annual amount of $875.70 to be paid up to the anniversary of the date of judgment in year 2023. Then, on the anniversary of the date of judgment in year 2023, a lump sum of $925.70. Thereafter, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $875.70 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,864.00 to be paid up to the anniversary of the date of judgment in year 2024. Thereafter, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $32,120.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other

3

installments.   The "annual amounts" set forth above describe only the total yearly sum to be paid

to petitioner and do not require that the payment be made in one annual installment.   Petitioner

will continue to receive the annuity payments from the Life Insurance Company only so long as

he, Bangalore Muniraju, is alive at the time that a particular payment is due.   Written notice shall

be provided to the Secretary of Health and Human Services and the Life Insurance Company

within twenty (20) days of Bangalore Muniraju's death.

11.   The annuity contract will be owned solely and exclusively by the Secretary of Health

and Human Services and will be purchased as soon as practicable following the entry of a

judgment in conformity with this Stipulation.   The parties stipulate and agree that the Secretary

of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments.   Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with

respect to future annuity payments.

12.   As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding

upon this petition.

13.   Petitioner and his attorney represent that they have identified to respondent all

known sources of payment for items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

4

Federal or State health benefits programs (other than Title XIX of the Social Security Act
(42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to
paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i),
subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award
for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided
pursuant to this Stipulation either immediately or as part of the annuity contract, will be used
solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-
15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his
individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns,
does forever irrevocably and unconditionally release, acquit and discharge the United States and
the Secretary of Health and Human Services from any and all actions or causes of action
(including agreements, judgments, claims, damages, loss of services, expenses and all demands
of whatever kind or nature) that have been brought, could have been brought, or could be timely
brought in the Court of Federal Claims, under the National Vaccine Injury Compensation
Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all
known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting
from, or alleged to have resulted from, the Tdap and flu vaccinations administered on September
27, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about July
13, 2018, in the United States Court of Federal Claims as petition No. 18-1010V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and/or Tdap vaccines caused petitioner's alleged GBS, CIDP, or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

6

Respectfully submitted,

**PETITIONER:**

BANGALORE MUNIRAJU

**ATTORNEY OF RECORD FOR PETITIONER:**

WILLIAM E. COCHRAN, JR., ESQ.
Black McLaren Jones Ryland & Griffee
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Tel: (901) 762-0535

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, for*

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 8/26/20

**ATTORNEY OF RECORD FOR RESPONDENT:**

Alexis B Babcock
by Catharine E.

ALEXIS B. BABCOCK
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-7678

7