# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1010V
(not to be published)

| | |
|---|---|
| BANGALORE MUNIRAJU,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: March 24, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

  On July 13, 2018, Bangalore Muniraju filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome (GBS) as a result of his September 27, 2017 influenza and Tetanus Diphtheria acellular-Pertussis vaccinations. (Petition at 1). On August 28, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 52).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 1, 2021 (ECF No. 57), requesting a total award of $88,187.08 (representing $71,624.90 in fees, plus $16,562.18 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 57-3). Respondent reacted to the motion on March 3, 3031, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and deferring determination of the amount to be awarded to my discretion. (ECF No. 58). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests the following rates for his attorney William Cochran as follows: $365 for time billed in 2017; $377 for time billed in 2018; $391 for time billed in 2019; $405 for time billed in 2020; and $420 for time billed in 2021. (ECF No. 57 at 7). The rates for Mr. Cochran have been previously reviewed in other cases and deemed appropriate, and the 2021 proposed rate is consistent with OSM's updated rate schedule. Accordingly, all proposed rates shall be awarded in this matter.

## ATTORNEY COSTS

Petitioner requests $16,562.18 in overall costs. (ECF No. 57-2 at 29). This amount is comprised of obtaining medical records, expert fees and the Court's filing fee. I find the majority of the costs to be reasonable, with the exception of the requested expert-associated fees.

Petitioner requests a total of $14,100.00 in expert fees for services provided by The Coordinating Center, Medical Legal Services. "Fees for experts are subject to the same reasonableness standard as fees for attorneys." See *Baker v. Sec'y of Health & Human Servs., 99-653V, 2005 WL 589431, at \*1 (Fed. Cl. Spec. Mstr. Feb 24, 2005)*. I find it necessary to reduce Petitioner's request for costs regarding The Coordinating Center as it related to travel time for the site visit.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half the applicable hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at \*24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at \*21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at \*12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). But invoices submitted by Petitioner reflect a total of 9.8 hours billed for travel time at the full rate of $175.00 per hour. As experts are held to the same reasonableness standards for their fees as attorneys, I hereby reduce the hours billed for travel by 50 percent, reducing the costs to be awarded by **$857.50**.[3]

---

[3] This amount consists of $175 x 9.8 hrs = $1,715.00 / 2 = $857.50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$87,329.58** (representing $71,624.90 in fees and $15,704.68 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.